UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GEORGE HEATH,

                Plaintiff,

-against-

WARNER BROS. ENTERTAINMENT INC.;
JEFF ROBINOV, President; and JEFFREY L.
BEWKES, Chairman of Board of Directors,

                Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-1062 (CBA)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★★ APR 30 2012 ★
BROOKLYN OFFICE

**AMON, United States District Judge:**

Plaintiff George Heath, *pro se*, has initiated this action and paid the $350 filing fee. He has filed a complaint as well as a motion seeking leave to file that complaint. Defendant Warner Brothers Entertainment sought leave of this Court to oppose Heath's motion for leave to file, which was granted. Warner Brothers claims that Heath has not complied with a filing injunction issued in 1986 in the Southern District of New York, and that in any event his latest complaint is barred by the doctrine of *res judicata*. Heath has filed a reply to this opposition.

By order dated June 16, 1986, plaintiff was permanently enjoined from filing any new civil action seeking to obtain royalties from the film "Dog Day Afternoon," or challenging the Application of Section 632-a of the New York Executive Law in any federal court, agency, tribunal, committee or other federal forum of the United States, without first seeking leave of the Court. See Heath v. Warner Communications, Inc., No. 85 Civ. 1269, slip op. (S.D.N.Y. June 16, 1986).[1] The proposed

---

[1] The Court notes that on November 17, 2011, the New York State Appellate Division, First Department also found that "given plaintiff's pattern of continuous and vexatious litigation concerning this subject matter for the past few decades . . . an injunction barring him from commencing new actions or proceedings seeking royalties from the film [Dog Day Afternoon] is warranted." Heath v. Wojtowicz, 89 A.D.3d 551 at 551- 552 (1st Dep't. 2011).



action seeks to relitigate the same claims related to royalties from the film Dog Day Afternoon that have been resolved in federal and state courts, so they are clearly barred by the doctrine of *res judicata*. See, e.g., Heath v. Wotjowicz, 932 N.Y.2d 695 (2011); Heath v. Wojtowicz, 896 N.Y.S.2d 870 (1st Dep't 2010); Heath Wojtowicz, 851 N.Y.S.2d 162 (1st Dep't 2008); New York State Crime Victims Board v. Abbott, 740 N.Y.S.2d 211 (2002); New York State Crime Victims Board v. Abbott, 668 N.Y.S.2d 361 (1st Dep't 1998); New York State Crime Victims Bd. v. Abbott, 627 N.Y.S.2d 629 (1st Dep't 1995); Heath v. Warner Commc'ns, 1986 U.S. Dist. LEXIS 25056 (S.D.N.Y. 1986). And to the extent Heath seeks to remedy a harm flowing directly from a state court judgment, such a claim is clearly barred by the *Rooker-Feldman* doctrine. See Exxon Mobil Corp. V. Saudi Basic Industries Corp., 544 U.S. 280 (2005).

Because Heath's complaint is plainly foreclosed by prior litigation, his motion for leave to file this action is DENIED and the action is dismissed. The Clerk of Court is directed to close this case.

SO ORDERED.

Carol B. Amon
Chief United States District Judge

Dated: Brooklyn, New York
April 30, 2012

2